# Eyre's Estate.

*Deed—Trust and trustees— Children— Issue—Vested and contingent estates.*

By a deed of trust the settlor provided that a designated portion of the income should be paid in quarterly instalments to himself for life, and the remainder of the income to his wife for the maintenance of herself and children during the life of the settlor. Upon the death of the settlor the wife was to receive one third of the income for her own support. The remaining two thirds were to be paid to such of the children of the settlor " as shall then be living, and the issue of such of them as shall then be dead in equal share, such issues taking and dividing nevertheless such share only as his, her or their parent or parents would have taken if living at the time of the death of the settlor, which payments to the said children and issue shall continue to be made until the death of the last survivor of the said children when the estate is to be divided as is hereinafter set forth." The deed further directed that if the wife should die during the lifetime of the settlor, " then the whole of the surplus income of the trust estate as aforesaid which may remain after the aforesaid

deductions . . . . shall be paid to the said children and issue in the proportions aforesaid." After the death of the wife surviving the settlor the whole of said net rents, issues and income was to be paid to the said children and their issue in the proportions aforesaid until the death of the last survivor of the said children. Distribution of principal was provided as follows: "And upon and immediately after the death of the last survivor of the said children of the said settlor, upon the further trust to divide and partition the whole and entire capital of the trust estate as it may then exist and be invested, after deducting all reasonable expenses and commission into as many equal shares and purparts as there were children of the said settlor who had died before that time leaving issue then surviving, and thereupon by good and sufficient conveyances and assurances to grant, convey, assign, transfer and set over in fee and absolutely one of such equal shares and purparts to the issue collectively of each of the said children of the said settlor as shall have left issue then surviving as aforesaid, which conveyances and assurances shall be made to such respective issue if more than one as tenants in common, and in such way and manner that such respective issue shall only receive the share of their respective parent, a child of the said settlor, and as if the division had been made among the said children instead of their said issue and so also as that the said shares shall inure to the said grantees free, clear and discharged of all trusts whatever hereby created." *Held*, that it was the intention of the settlor that payments of the income to the surviving children only, and the issue of deceased children, should be continued until the death of the last survivor of the children.

Argued Jan. 27, 1903. Appeal, No. 311, Jan. T., 1902, by Marie Emilie Eyre, from decree of C. P. No. 4, Phila. Co., Docket " G " 1873, No. 84½, dismissing exceptions to report of trustees, in estate of Joseph K. Eyre, deceased. Before MITCH-ELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Cases stated on exceptions to account of trustees.

AUDENRIED, J., stated the facts to be as follows :

Since the death of Charles Eyre, November 13, 1883, the trustees under the deed of trust made by his father, Joseph K. Eyre, on December 1, 1869, have been paying to the surviving brother and sisters of the former the entire income from the trust estate. Upon the filing of the account of the trustees, exception was taken thereto by the widow of Charles Eyre, on the ground that she is entitled to receive one fiftieth of the net income of the estate during the period which has elapsed since the death of her husband. The matter is before us on a case stated. The question presented for decision is simply, to

whom was the income of the trust payable after the death of the settlor, his wife and son Charles.

The deed of trust, after providing for the active management of the estate and the payment of the expenses thereof, proceeds as follows :

"Then out of said rents, issues, income and profits to pay unto him the said Joseph K. Eyre in equal quarterly payments, the annual sum of $3,000, the first quarterly payment to be made on the first day of January, 1870, and quarterly thereafter, for and during the term of his natural life, for his own use and for his support and maintenance, and without any power on his part of charge, anticipation, or alienation. . . . And upon the further trust, after making the payments aforesaid, including the said annual sum of $3,000, to pay over the remaining net income of the trust estate unto the said Anna M. Eyre for and during the lifetime of the said Joseph K. Eyre, if she shall so long live, for her support and maintenance and for the support and maintenance of her children at her discretion, without power on her part of anticipation or alienation. And from and immediately after the death of the said Joseph K. Eyre if the said Anna M. Eyre shall be then living upon further trust to pay over one full equal third part of said rents, issues, income and profits of the said trust estate, after deducting the charges, taxes, expenses and commissions aforesaid, to the said Anna M. Eyre for and during her natural life and for her support and maintenance and without power on her part of anticipation or alienation as aforesaid.  And to divide and pay over the remaining two thirds of said net rents, issues, income and profits to and among such of the children of the said Joseph K. Eyre as shall then be living and the issue of such of them as shall then be dead in equal shares, such issues taking and dividing nevertheless such share only as his, her or their parent or parents would have taken if living at the time of the death of the said Joseph K. Eyre, which payments to the said children and issue shall continue to be made until the death of the last survivor of the said children, when the estate is to be divided as hereinafter set forth.  Provided, nevertheless, that if the said Anna M. Eyre shall die during the lifetime of the said Joseph K. Eyre, then the whole of the surplus income of the trust estate as aforesaid which may remain after the afore-

said deductions, including the said sum of $3,000 annually to be paid to the said Joseph K. Eyre, shall be paid to the said children and issue in the proportions aforesaid. And in like manner upon the death of the said Anna M. Eyre, if she shall survive the said Joseph K. Eyre, the whole of the said net rents, issues, income and profits of the said trust estate shall be paid to the said children and their issue in the proportions aforesaid until the death of the last survivor of the said children of the said Joseph K. Eyre. And provided further that all such payments to the said children and issue of deceased children shall be made for their support and maintenance and without power on their part of anticipation and alienation and in such way and manner that the same shall not be subject to their debts, contracts or engagements, nor in the case of females to the debts, contracts or engagements of any husbands they may respectively have or take. And upon and immediately after the death of the last survivor of the said children of the said Joseph K. Eyre, upon the further trust to divide and partition the whole and entire capital of the trust estate as it may then exist and be invested, after deducting all reasonable expenses and commission into as many equal shares and purparts as there were children of the said Joseph K. Eyre who had died before that time leaving issue then surviving and thereupon by good and sufficient conveyances and assurances to grant, convey, assign, transfer and set over in fee and absolutely one of such equal shares and purparts to the issue, collectively of each of the said children of the said Joseph K. Eyre as shall have left issue then surviving as aforesaid, which conveyances and assurances shall be made to such respective issue if more than one as tenants in common, and in such way and manner that such respective issue shall only receive the share of their respective parent, a child of the said Joseph K. Eyre, and as if the division had been made among the said children instead of their said issue and so also as that the said shares shall inure to the said grantees free, clear and discharged of all trusts whatever hereby created."

The wife of the settlor predeceased him. All of his five children survived him. His son, Charles Eyre, subsequently died, leaving to survive him his brother and three sisters and a wife, but no children.

The court dismissed the exceptions to the account.

*Error assigned* was the order of the court.

*M. Hampton Todd*, with him *Julius C. Levi*, for appellant.— We submit that Charles Eyre, upon the death of his father, his mother being then dead, took a vested interest in one fifth of the net income of the trust estate for the term of the natural life of the last survivor of his brother and sisters : Man's Estate, 160 Pa. 609; McClure's App., 72 Pa. 414; Blamire v. Geldart, 16 Vesey, 314 ; Kollock's Est., 19 Phila. 205.

As to Marie Emilie Eyre's right as widow to participate in this distribution, see McKee's App., 104 Pa. 571, Ashton's Est., 134 Pa. 390, Comly's Est., 136 Pa. 153, and Gilmor's Est., 154 Pa. 523.

*John G. Johnson*, for appellees.

OPINION BY MR. JUSTICE POTTER, May 4, 1903 :

In the present case, we have to deal with the distribution of income, and the question is whether the settlor intended, that in case a child died without issue, his personal representative should take the share of income which the deceased child had received.

The direction for final distribution, upon the death of the life tenants, is as follows : " And upon and immediately after the death of the last survivor of the said children of the said Joseph K. Eyre, upon the further trust to divide and partition the whole and entire capital of the trust estate as it may then exist and be invested, after deducting all reasonable expenses and commission, into as many equal shares and purparts as there were children of the said Joseph K. Eyre, who had died before that time, leaving issue then surviving, and thereupon, by good and sufficient conveyances and assurances, to grant, convey, assign, transfer and set over in fee and absolutely one of such equal shares and purparts to the issue collectively of each of the said children of the said Joseph K. Eyre as shall have left issue then surviving as aforesaid, which conveyances and assurances shall be made to such respective issue if more than one as tenants in common, and in such way and manner that

such respective issue shall only receive the share of their respective parent, a child of the said Joseph K. Eyre, and as if the division had been made among the said children instead of their said issue, and so, also as that the said shares shall inure to the said grantees free, clear and discharged of all trusts whatever hereby created."

It is clear that the principal was to go only to the issue of the children of Joseph K. Eyre. And throughout the deed, wherever we find any reference to the parties taking the income, after the death of the settlor and his wife, they are set forth as "children and issue of deceased children."

The appellant contends that this means children living at the death of Joseph K. Eyre, and the issue of children which were deceased at the time of his death. And that each one of the children of Joseph K. Eyre, living at the time of his death, took a vested interest in the income of the estate, for the term of the life of the last survivor of the children of Joseph K. Eyre. But this construction is inconsistent with one of the other alternatives in the deed. He provided that if his wife Anna should die during the lifetime of himself, Joseph, "then the whole of the surplus income of the trust estate as aforesaid . . . . shall be paid to the said children and issue in the proportions as aforesaid." That is, to such of the children of Joseph K. Eyre as shall then be living, at the time of the distribution, which in this event was to occur in the lifetime of the settlor.

It seems obvious therefore that in using the words "children and issue" they were intended to apply to those in being at the time of the particular distribution of income. These periods of distribution began, not at the death of the settlor, but the first year after the execution of the deed of trust, and continued during some ten years of the lifetime of the settlor. His general intent as it appears from the deed of trust, was to provide an income for himself of $3,000 per annum during his life. During that period the remaining net income of the trust estate was to go to his wife, for her support and that of her children. In case of her death during the lifetime of the settlor the whole of the surplus income was to go to the children living at the periods of distribution of income, and the issue of such children as may have deceased.

It was manifestly the intention of Joseph K. Eyre that his wife and children should take the remainder of the income from the trust estate during his life ; that in the event of the death of his wife the children should have the portion which had gone to the wife theretofore ; that in case of the death of any of his children, leaving issue, such issue should take the portion of the income which had been enjoyed by their parent. And that as to those of his children who should die without issue, his provision extended only to giving them participation in the income during the term of their lives. They began to take the income as soon as it accrued under the deed of trust. The amount which they received was increased at the death of the wife of the settlor, and again at the death of the settlor himself, to the extent of the sums previously paid to them out of the income. But we see nothing in the provisions of the deed which would change the character of the interest held by his children at the death of Joseph K. Eyre. They were as a class entitled to the income, and if any of them should die leaving issue, the share of the parent in the income went to such issue. But the amount to be paid to the children of Joseph K. Eyre, and the issue of his deceased children, up to the period of distribution of the principal, was always limited to the income ; for the final distribution of the principal was not to the children, but was confined to the issue of deceased children of Joseph K. Eyre.

We conclude therefore that it was the intention of the settlor, that payments of the income only to the surviving children, and the issue of deceased children, should be continued until the death of the last survivor of the children.

The assignments of error are overruled, and the decree of the court below is affirmed.